PER CURIAM.
During the period from April, 1993, through December, 1998, plaintiff, Sodexho Operations, LLC, provided management services for the food-services and housekeeping departments at various hospitals and educational entities that are exempt from taxation under New Jersey’s Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29 (SUT Act). Following audits, defendant, Director of the New Jersey Division of Taxation (Director), assessed use taxes against plaintiff in the amount of $1,137,518.82[1] for its purchases *169 of paper goods used in the entities’ food-services operations, cleaning supplies used in their housekeeping operations, and furniture and renovation material utilized in their cafeterias and dining rooms.
Plaintiff challenged the Director’s assessments in an action before the Tax Court, alternatively claiming that the disputed purchases were exempt from taxation either as purchases made by a procurement agent for the tax-exempt entities or as purchases made for resale to the tax-exempt entities.[2] To facilitate the trial of the use-tax assessment issues underlying plaintiffs complaint, the parties selected the assessments with respect to only two of plaintiff’s clients, St. Francis Medical Center (SFMC) and St. Elizabeth Hospital (SEH), “as test eases to resolve the legal issues common to all of the assessments under appeal” involving plaintiffs other tax-exempt clients.
Following a hearing, Judge Kuskin rejected plaintiffs argument, determining both that plaintiffs agency relationship with the tax-exempt entities was not sufficient to qualify for derivative tax exemption and that the statutory exemption for resale did not apply because plaintiffs purchases were merely incidental to its objective of providing management services to the entities. Sodexho Operations, LLC v. Dir., Div. of Taxation, 21 N.J.Tax 24, 57 (Tax 2003). As to the former, the judge found that although plaintiff was the agent of its tax-exempt clients (SEH and SFMC), plaintiffs agency relationship was “at the principal-independent contractor end of the agency spectrum” and not at the master-servant end. Id. at 48. Based upon that finding, the judge essentially concluded that, as an independent contractor, plaintiff did not sufficiently “stand in the [SEH and SFMC] Hospitals’ shoes” to avail itself of the use-tax exemption that SEH and *170 SFMC would have been entitled to had they themselves directly purchased the disputed paper goods and cleaning supplies. Id. at 47-49. Thus, the judge rejected plaintiffs claim to a derivative exemption based upon agency principles.
As to plaintiffs alternative claim, the judge found that the “true object” of the agreements between plaintiff on the one hand and SEH and SFMC on the other “was the obtaining of [plaintiffs] Sodexho’s expertise in providing management services for the food service department of each hospital and, in the case of SFMC, its environmental service department,” as well. Id. at 52. Based upon that finding, the judge concluded that
the sale for resale exclusion does not apply because the paper goods, cleaning supplies, or furniture and materials were not critical elements of the services [plaintiff] Sodexho provided to the [SEH and SFMC] Hospitals, and the providing of these items was not the “true object” of the agreement between Sodexho and either SFMC or SEH.

[Ibid.]

Rather, plaintiffs “purchases of paper goods, cleaning supplies, and furniture and materials were incidental to that true object” of providing management services.[3] Ibid.
Plaintiff appeals, arguing essentially that its purchases as the tax-exempt entities’ procurement agent were exempt from the use tax either under agency principles or under the resale provision of the SUT Act. We reject these arguments and affirm substantially for the reasons set forth by Judge Kuskin in his thorough and well-reasoned opinion.
Affirmed.

 The Director's claim for use-tax assessment against plaintiff was later reduced by $369,518.

 In its complaint in the Tax Court, plaintiff proffered yet another theory of exemption pertinent to “capital improvements" and “equipment purchases" made on behalf of certain of its tax-exempt clients, namely, that these expenditures qualified for a statutory use-tax exemption applicable to contractors and repairmen under N.J.S.A. 54:32B-8.22. Plaintiff, however, has not pursued this particular claim on appeal.

 The judge also rejected plaintiff's third alternative theory of tax exemption, determining that the furniture that plaintiff purchased for use in the SFMC employee dining room and the materials that it purchased to renovate SEH's cafeteria did not qualify for a statutory use-tax exemption applicable to contractors and repairmen under N.J.S.A. 54:32B-8.22. Id. at 54-56. As previously noted, plaintiff has not pursued this particular claim on appeal.